IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-01922-CNS

MILLION ENGDAWORK,

      Petitioner,

v.

JUAN BALTAZAR, Warden;
MARKWAYNE MULLIN, Secretary of DHS;
TODD BLANCHE, Acting Attorney General,
TODD LYONS, Acting Director of ICE,

      Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, and Respondents' response to it, ECF No. 17. Explained further below, the Court GRANTS Petitioner's application. No hearing is required to reach this conclusion. *Cf.* 28 U.S.C. § 2243.

### I.      SUMMARY FOR PRO SE PLAINTIFF

You seek release from detention. You have met your burden of showing immediately release is proper. In other words, you have shown that there is good reason to believe that there is no significant likelihood of your removal in the reasonably foreseeable future, and Respondents have not provided evidence to rebut this showing.

1

## II.    BACKGROUND

The Court provides a brief factual summary. The Court presumes familiarity with the parties' briefs and recites only those facts necessary to resolve Petitioner's application.

In October 2024, Petitioner, after crossing the border through Mexico, was detained at the ICE detention facility in Aurora, Colorado. *See, e.g.,* ECF No. 17 at 2. In May 2025, an immigration judge (IJ) denied Petitioner's asylum application and request for withholding of removal, and ordered Petitioner removed to Ethiopia or, in the alternative, Greece. *See, e.g,* ECF No. 1 at 13; *id.* at 15. On August 30, 2025, Petitioner asked the BIA to terminate his appeal of this order. As such, Petitioner's order of removal became administratively final on this date. *See, e.g.,* ECF No. 17 at 2. Petitioner remains detained at the ICE detention facility in Aurora. *See, e.g., id.* at 3.

## III.    DISCUSSION

Petitioner is not represented by an attorney. Accordingly, the Court must liberally construe his application. *See, e.g., Amezcua v. Noem, et al.*, No. 5:26–cv–01070–SRM–AGR, 2026 WL 1048212, at *1 n.2 (C.D. Cal. Mar. 25, 2026) ("The Court must construe *pro se* habeas petitions liberally." (citation modified)).

In the application, Petitioner argues that "[his] detention has become unconstitutionally prolonged and violates the due process and fifth amendment of the constitution." ECF No. 1 at 3; *see also id.* at 19. The Court liberally construes this argument—as it must— as attending the Supreme Court's analysis in *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce an alien enters the country, the legal circumstance

2

changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." (citation modified)). As such, the Court construes the application as arguing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. *See also Amezcua*, 2026 WL 1048212, at *1 n.2.

As a preliminary matter, Respondents agree that Petitioner's detention has exceeded the 6-month period that then brings *Zadvydas* into the picture. *Compare Zadvydas*, 533 U.S. at 701 (observing that a petitioner must make this showing "[a]fter [a] 6-month period"), *with* ECF No. 17 at 3–4, 6. Thus, the Court proceeds in asking whether Petitioner has shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See, e.g., Zadvydas*, 533 U.S. at 701.

Petitioner has met this first step *Zadvydas* burden. *See, e.g.,* ECF No. 1 at 3. Indeed, Respondents' own brief provides further evidence establishing that Petitioner has made this showing: "At this time, Respondents *do not have* information to present to the Court concerning their efforts to remove Petitioner." ECF No. 17 at 6 (emphasis added). The total absence of such information shows that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See, e.g., Bothejue v. Noem*, No. 26–cv–814 JLS (BLM), 2026 WL 502957, at *2 (S.D. Cal. Feb. 23, 2026).

For this same reason, Respondents have failed—as they must—to rebut Petitioner's showing. There's simply no evidence or "information," ECF No. 17 at 6, in

Respondents' words to rebut the fact that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701 (explaining government bears the burden of "rebut[ting] that showing"); *Tai v. Warden, California City Det. Facility*, No. 1:26–cv–01857–KES–EPG (HC), 2026 WL 747138, at *2 (E.D. Cal. Mar. 17, 2026) (concluding respondents "fail[ed] to rebut petitioner's showing" where respondents "provide[d] no additional information bear on the likelihood of petitioner's removal" (citation modified)); *Rivero-Cuervo v. Bondi*, No. 3:26–cv–78–JEP–LLL, 2026 WL 741648, at *2 (M.D. Fla. Mar. 17, 2026) (concluding petitioner was "entitled to release from detention under *Zadvydas* where respondents "submit[ted] no evidence whatsoever to show removal is likely"). To the contrary, there is evidence, in the form of Petitioner's declaration, that not only supports the Court's first step *Zadvydas* conclusion, but also underscores why Respondents haven't met their second step burden:

> Since my removal order became final, I have been fully cooperating with ICE's efforts to deport me, even though ICE has failed to conduct my deportation which makes my detention indefinite or prolonged.
>
> I repeatedly requested ICE to update me regarding my removal process. The sole answer I get from them is that "We are working on your case" which seems that ICE doesn't have a concrete evidence when my removal will occur.

ECF No. 1 at 10 (citation modified).

Resisting this conclusion, Respondents direct the Court to 8 U.S.C. § 1231(a)(6) as a statutory provision that justifies Petitioner's continued detention. *See* ECF No. 17 at 5. But, as Respondents acknowledge, this provision collides with the Due Process Clause and isn't a get-out-of-accountability card when it comes to the burden Respondents must

4

meet to rebut Petitioner's first step *Zadvydas* showing. *Cf. Inemo S. C. v. Dep't of Homeland Sec.*, No. 19-CV-2881 (PJS/LIB), 2020 WL 2765108, at *2 (D. Minn. May 28, 2020) (observing that "*Zadvydas* addressed the extent of the government's authority to detain an alien pursuant to § 1231(a)(6)." (citation modified)). While Respondents acknowledge the two permissions that § 1231(a)(6) provides for continued detention, *see, e.g.,* ECF No. 17 at 4, Respondents make *no showing* and provide *no evidence* as to why Petitioner is "unlikely to comply with the order of removal," *id.* at 5. And by Petitioner's own words, he has been fully cooperative regarding his removal efforts. *See, e.g.,* ECF No. 1 at 10. Petitioner further represents that "upon [his] release [he] do[es] have relatives and friends who are American citizens who will be my sponsor on food, *shelter*, transportation and any legal advices until I am fully settled." *Id.* at 21 (emphasis added).

In sum: the Court declines Respondents invitation to order Petitioner's continued detention under § 1231(a)(6) where Respondents offer no evidence that Petitioner is "unlikely to comply with the order of removal." ECF No. 17 at 5. Especially where the record indicates that Petitioner has made *affirmative* efforts to comply with his removal, and Respondents have identified nothing from which the Court can conclude Petitioner presents a flight risk. *See* ECF No. 1 at 21.

### IV.    CONCLUSION

Consistent with the above analysis, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is GRANTED.

It is FURTHER ORDERED that Respondents shall release Petitioner from custody immediately, but no later than within 48 hours of this order, and may not impose any

additional conditions of release or supervision beyond those he was subject to immediately prior to his recent detention. Respondents shall IMMEDIATELY provide Petitioner with a paper copy of this Order. Respondents SHALL FILE a status report within THREE DAYS of this Order to certify compliance. Respondents are further ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED this 27th day of May 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge