IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-01922-CNS

MILLION ENGDAWORK,

     Petitioner,

v.

JUAN BALTAZAR, Warden;
MARKWAYNE MULLIN, Secretary of DHS;
TODD BLANCHE, Acting Attorney General,
TODD LYONS, Acting Director of ICE,

     Respondents.

---

## ORDER

---

Before the Court is Respondents' Supplemental Information Regarding Conditions of Release, ECF No. 23, and Motion for Relief from the Court's Order, ECF No. 19. To the extent that Respondents seek relief from the aspect of the Court's prior order prohibiting Respondents from imposing additional conditions of supervision upon Petitioner's release beyond those to which he was subject prior to his recent detention, *see generally id.*, the Court GRANTS Respondents' request contained in the motion. The Court notes in granting this relief that Respondents do not seek relief from the portion of the Court's order granting Petitioner immediate relief from detention. *See, e.g.,* ECF No. 19 at 1 (seeking "relief from the *portion* of the Court's Order that enjoins Respondents

1

from imposing any additional conditions of release or supervision beyond those he was subject to immediately prior to his recent detention" (citation modified)); ECF No. 18 at 5.

Where, as here, a petitioner has a final order of removal, *see, e.g.,* ECF No. 17 at 2, and the applicable 90-day removal period has passed, *see, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), a petitioner may be released subject to reasonable conditions of supervision. *See, e.g., Funes v. Francis*, 810 F. Supp. 3d 472, 489 (S.D.N.Y. 2025); *Arauz Medina v. Janecka, et al.*, 5:25–cv–03258–SB–MBK, 2025 WL 4631990, at *4 (C.D. Cal. Dec. 16, 2025); *Lim v. Arteta*, No. 1:26–cv–00461 (JLR), 2026 WL 192490, at *1 (S.D.N.Y. Jan. 26, 2026); *Vardan K. v. Warden of the California City Det. Ctr.*, No. 1:26–cv–01128–TLN–CSK, 2026 WL 730983, at *3 (E.D. Cal. Mar. 16, 2026). Accordingly, upon release Petitioner may be subject to reasonable conditions of supervision limited by statutory provisions identified by Respondents. *See, e.g.,* ECF No. 23 at 2; *Alhroub v. Santacruz*, No. 5:26–cv–00621–DOC–SK, 2026 WL 477412, at *3 (C.D. Cal. Feb. 17, 2026) (ordering release "under reasonable conditions of supervision provided under 8 U.S.C. § 1231(a)(3)").

Therefore, the Court REINSTATES its prior order that Petitioner's habeas petition is GRANTED. *See* ECF No. 18 at 6; ECF No. 1. It is FURTHER ORDERED that Respondents SHALL RELEASE Petitioner from custody immediately, but no later than within 48 hours of this order. Respondents SHALL RELEASE Petitioner under reasonable conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3).[1]

---

[1] The Court notes that this case is unlike *Tran v. Baltazar*, No. 1:26–cv–00940–CNS, where the Court granted the petitioner immediate release without any conditions of release. *See* ECF No. 17 at 9. However, respondents in that case did not seek reconsideration of the Court's order, but more importantly did not seek imposition of specific conditions of release in their response to the petitioner's habeas petition, nor did

Respondents SHALL IMMEDIATELY provide Petitioner with a paper copy of this Order. Respondents SHALL FILE a status report within TWO DAYS of this Order to certify compliance, and setting forth Petitioner's reasonable conditions of supervision. Respondents are further ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

In light of the Court's ruling, the Court DENIES AS MOOT Respondents' Motion for Extension of Time to File Supplemental Information Regarding Conditions of Release, ECF No. 21.

DATED this 4th day of June 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge

---

they argue that any such conditions were required. *See* ECF No. 16 at 7 n.2 ("[I]f Petitioner is released, his release *may be* governed by conditions of supervised release set by ICE pursuant to the regulations." (citation modified)). At bottom, in *Tran* the respondents failed to explain how petitioner's release "may and should [be] conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001). Abiding by the party presentation principle and respondents' limited briefing on the issue, the Court declined to speculate as to what conditions would have been appropriate in those circumstances, and therefore imposed none. *See, e.g., Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 127 F.4th 178, 189 (10th Cir. 2025) ("[a]biding by the principle of party presentation" and therefore refusing to "hypothesize" or "analogize" for a party (citation modified)); *Walker v. Pottawatomie Cnty. Pub. Safety Ctr. Tr.*, No. CIV–24–197–D, 2024 WL 2263774, at *2 (W.D. Okla. Apr. 30, 2024), *report and recommendation adopted*, No. CIV–24–197–D, 2024 WL 2260770 (W.D. Okla. May 17, 2024) ("[A]s a general rule, our adversarial system of adjudication is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." (citation modified)).